UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALBERTO C SALVI,

    Plaintiff,

v.                                        Case No:   6:18-cv-244-Orl-37TBS

KINGSTOWN REEF CONDOMINIUM
ASSOCIATION, INC. and WYNDHAM
VACATION OWNERSHIP, INC.,

    Defendants.
_____

## ORDER

Pending before the Court is Plaintiff's Second Motion for Extension of Time to Provide Defendants with Plaintiff's Expert Report (Doc. 27). According to the motion: "The undersigned contacted the opposing counsel to confer regarding this motion, and the opposing counsel was not reachable through email or phone contact at the time of the drafting of the motion." (Id., ¶ 7).

Local Rule 3.01(g) provides that before filing most motions in a civil case, the moving party shall confer with the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement certifying that the moving party has conferred with the opposing party, and that the parties have been unable to agree on the resolution of the motion. The term "confer" in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action and does not envision an email, fax or letter. Counsel who merely "attempt" to confer have not "conferred." A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy

the parties' obligation to confer. See Local Rule 3.01(g). Counsel must respond promptly to inquiries and communications from opposing counsel. Board of Governors of the Florida Bar, Ideals and Goals of Professionalism, ¶ 6.10 and Creed of Professionalism ¶ 8 (adopted May 16, 1990), available at www.floridabar.org (Professional Practice Henry Latimer Center for Professionalism). A party who, due to time constraints, must file a motion before complying with Rule 3.01(g), is under a duty to contact opposing counsel expeditiously after filing the motion and supplement the motion promptly with a completed Rule 3.01(g) certificate.

The Court waited from July 16 to July 24 to see if counsel would supplement his Rule 3.01(g) certificate. The certificate has not been supplemented and therefore, the motion is **DENIED without prejudice** for failure to comply with Local Rule 3.01(g).

**DONE** and **ORDERED** in Orlando, Florida on July 24, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties